**IN THE COUNTY COURT OF THE SEVENTH JUDICIAL CIRCUIT**
**IN AND FOR FLAGLER COUNTY, FLORIDA**
**CIVIL DIVISION**

LILLIAN & CHRISTOPHER ELLIOTT,
Individuals,

                                                                    Case No.:

      Plaintiffs,

v.

FIRST NATIONAL BANK OF AMERICA, INC.,
a foreign entity,

      Defendant.

_____/

## COMPLAINT

**COME NOW**, Plaintiffs, LILLIAN ELLIOTTT (hereinafter, "Lillian"), and

CHRISTOPHER ELLIOTT (hereinafter, "Christopher") (hereinafter collectively, "Plaintiffs" or

"Elliotts"), by and through undersigned counsel, and hereby sues Defendant, FIRST NATIONAL

BANK OF AMERICA, INC. (hereinafter, "Defendant"). In support thereof, Plaintiffs allege:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Florida Consumer Collection

Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), and the Telephone Consumer

Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, "TCPA"), wherein

Defendant unlawfully attempted to collect a consumer debt from Plaintiffs via harassing and

unlawful means, including unlawful calls to Plaintiffs' cellular telephone using an automatic

telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded

voice, despite lacking Plaintiffs' consent to make such calls to their cellular telephones.

### JURISDICTION, PARTIES, AND VENUE

2.      This is an action for damages that exceeds $5,000.00, exclusive of attorneys' fees

1

and costs.

3.     Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77 and 47 United States Code, Section 227(b)(3).

4.     At all material times herein, the conduct of Defendant, complained of below, occurred in Flagler County, Florida.

5.     At all material times herein, Defendant is a foreign entity that does business in Flagler County, Florida.

6.     Lillian is the subscriber, regular user, and carrier of the cellular telephone number, (386-XXX-7189) (hereinafter, "Lillian's Cellular Telephone"), and was the called party and recipient of Defendant's autodialer calls.

7.     Christopher is the subscriber, regular user and carrier of the cellular telephone number, (386-XXX-7168) (hereinafter, "Christopher's Cellular Telephone"), and was the called party and recipient of Defendant's autodialer calls.

## FCCPA STATUTORY STRUCTURE

8.     The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. Fla. Stat. §§ 559.55 and 559.77(5).

9.     The FCCPA imposes liability on any creditor/person as well as any debt collector who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes

2

prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

10.     Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

11.     For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor. *See* Fla. Stat. § 559.72(7).

## TCPA STATUTORY STRUCTURE

12.     Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

13.     Congress found that "[u]nrestricted telemarketing...can be an intrusive invasion of privacy..." and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Id. at (5) and (12).

14.     Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

15.     Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id.* at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

16.     At all material times herein, Plaintiffs are "debtors" or "consumers" as defined by Florida Statutes, Section 559.55(8).

17.     At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

18.     At all material times herein, Defendant attempts to collect a consumer debt, including but not limited to, a home mortgage and note balance allegedly owed by Plaintiffs (hereinafter, the "Debt").

19.     At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

20.     At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

21.     At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

22.     At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

23.     Plaintiffs have retained undersigned counsel for purposes of this matter and are

obligated to pay their attorneys a reasonable fee and reimburse their attorneys for reasonable costs expended in this action.

24.     Plaintiffs are entitled to attorneys' fees and costs pursuant to the FCCPA and TCPA.

25.     All necessary conditions precedent to the filing of this action occurred or Defendant waived the same.

## FACTUAL ALLEGATIONS

26.     Prior to January 2014, Plaintiffs executed a note and mortgage in favor of Defendant in order to finance the purchase of their Florida homestead residence, located in Bunnell, Florida.

27.     In or around January 2014, Plaintiffs began making their home mortgage payment to Defendant after the first of each month, but within the allotted grace period, per the terms of the mortgage and note.

28.     Despite making on time payments on the Debt, Defendant began to place automated calls to Lillian's Cellular Telephone and Christopher's Cellular Telephone (hereinafter collectively, "Plaintiffs' Cellular Telephones") in attempts to collect the Debt.

29.     When Plaintiffs answered Defendant's automated calls to their Cellular Telephones, each Plaintiff would have to say "hello" multiple times before being connected with Defendant's representative.

30.     Defendant—or its authorized vendor or third-party agent acting within a scope of authority granted by Defendant, with the knowledge of the Defendant, and under the control of the Defendant—used an automated telephone dialing system to place calls to Plaintiffs' Cellular Telephones.

5

31.    Defendant placed artificial voice calls to Plaintiffs' Cellular Telephones from January, 2014 to the present.

32.    Defendant placed pre-recorded voice calls to Plaintiffs' Cellular Telephones from January, 2014 to the present.

33.    In or around January, 2014, Plaintiffs' advised Defendant that they were not late on their mortgage payment per the terms of their mortgage and note, and requested that Defendant to stop calling their Cellular Telephones.

34.    Despite Plaintiffs' request that Defendant cease calls to Plaintiffs' Cellular Telephones, Defendant continued to place automated calls to Plaintiffs' Cellular Telephones in an attempt to collect the Debt.   Plaintiffs have repeatedly requested Defendant to stop calling their Cellular Telephones because the Debt is not delinquent (i.e., past due).

35.    Despite Plaintiffs informing Defendant that Debt was not delinquent, the Defendant continued its efforts to try and collect the Debt from Plaintiffs.   As a result, Defendant's subsequent attempts to persuade Plaintiffs were made with the intent to simply exhaust Plaintiffs' will and harass Plaintiffs.

36.    Defendant's conduct has caused Plaintiffs to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.

37.    Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendant.

38.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiffs' Cellular Telephone in

violation of the TCPA or the regulations proscribed thereunder.

39.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7)**

Lillian re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

40.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting the consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

41.     Specifically, as noted above, although Plaintiff explicitly revoked consent, requested/demanded that the direct collection communication cease, explained that the Debt was not delinquent, Defendant nevertheless continued to call Lillian and attempt to collect the Debt.

42.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7)**

Christopher re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

43.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be

7

expected to abuse or harass Plaintiff.

44.     Specifically, as noted above, although Plaintiff explicitly revoked consent, requested/demanded that the direct collection communication cease, explained that the Debt was not delinquent, Defendant neverthless continued to call Christopher and attempt to collect the Debt.

45.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Lillian re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

55.     Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

56.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Lillian's Cellular Telephone multiple times in its attempt to collect the Debt.

57.     If Defendant contends it possessed prior express consent, Lillian revoked such consent on or about January, 2014.

58.     Defendant's telephone calls complained of herein are the result of repeated willful and knowing violations of the TCPA.

59.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

8

a.    The periodic loss of her cell phone service;

b.    Lost material costs associated with the use of cell phone minutes allotted under her cell phone service contract;

c.    The expenditure of costs and attorney's fees associated with the prosecution of this matter;

d.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e.    Statutory damages.

## COUNT FOUR:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Christopher re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

60.    Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

61.    Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Christopher's Cellular Telephone multiple times in its attempt to collect the Debt.

62.    If Defendant contends it possessed prior express consent, Christopher revoked such consent on or about January, 2014.

63.    Defendant's telephone calls complained of herein are the result of repeated willful

and knowing violations of the TCPA.

64.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

a.    The periodic loss of his cell phone service;

b.    Lost material costs associated with the use of cell phone minutes allotted under his cell phone service contract;

c.    The expenditure of costs and attorney's fees associated with the prosecution of this matter;

d.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e.    Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiffs respectfully request an entry of:

a.    Judgment against Defendant declaring that Defendant violated the FCCPA;

b.    Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.    Judgment against Defendant for maximum statutory damages for violations of the TCPA;

d.    Actual damages;

e.    An award of attorneys' fees and costs; and

f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

11